## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LATISHA JOHNSON** ) | |
| ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **GLOBAL CREDIT COLLECTION** ) | |
| **CORP.** ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Latisha Johnson, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Latisha Johnson, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant conducts business in this District and maintains a registered office here.

### III.  PARTIES

4. Plaintiff, Latisha Johnson is an adult natural person residing at 159 Tempest Drive, Latham, NY 12110.

5. Defendant, Global Credit Collection Corp. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York and the State of New Jersey with its principal place of business located at 300 International Drive, Ste. 100, Williamsville, NY 14221 and a registered office located 820 Bear Tavern Road, Trenton, NJ 08628.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. In or around the middle of June 2009, Plaintiff began receiving calls on a debt allegedly owed to a creditor believed to be Capital One in an amount exceeding $1,700.00.

8. Defendant is looking for suitable payment arrangements to be made toward this debt.

9. Plaintiff informed Defendant that she had retained the services of the law firm of Persels & Associates to aid her in paying off her debt and that they would need to speak with them directly.

10. Defendant's agent told the Plaintiff that they would not take the contact information for Persels & Associates and they would in no way work with a settlement company.

11. On or about September 18, 2009, Persels & Associates sent a cease and desist letter to the Defendant demanding that they cease all further contact with the client, pursuant to The Fair Debt Collection Practices Act. **See Exhibit "A" (letter) attached hereto.**

12. Plaintiff continued to receive calls from the Defendant even after the cease and desist letter was sent. Defendant will not confirm that they ever received anything in writing from Persels & Associates.

13. On or about November 27, 2009, Plaintiff was contacted by Defendant's agent, "Mr. Szeta", who offered the Plaintiff a onetime settlement deal of $1190.00. Defendant's agent, "Mr. Szeta", told the Plaintiff that this would have to be paid immediately. Plaintiff explained that she could not afford to make that kind of payment.

14. Defendant's agent, "Mr. Szeta", also gave the Plaintiff the option of paying $24.86 to hold Defendant's client over while they could come up with more suitable payment arrangements.

15. Defendant's agent, "Mr. Szeta", stated that they have had the Plaintiff's account for over six (6) months and that they wanted their payment now.

16. On or about December 2, 2009, Defendant called the Plaintiff again looking for payment on the above mentioned debt. Plaintiff told them that they needed to contact her attorneys' at Persels & Associates. Defendant again refused to work with Persels telling the Plaintiff that they would not work with a third party.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their

agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

    §§ 1692c(a)(2)  After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

| | |
|---|---|
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2) | Character, amount, or legal status of the alleged debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Global Credit Collection Corp. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  December 22, 2009**             **BY:  /s/  Bruce K. Warren**
Bruce K. Warren, Esquire


**BY:  /s/  Brent F. Vullings**
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorney's for Plaintiff